NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SE MYUNG LEE and YUHI LEE, | : | Civil Action No.: 08-3986 (JAP) |
| Plaintiffs, | : : | |
| v. | : | REPORT & RECOMMENDATION |
| M/V OCEAN EXPLORER, et al., | : : | |
| Defendants. | : : | |

**U.S.M.J., ARPERT**

This matter comes before the Court on a Motion by Defendants M/V Ocean Explorer and Explorer Enterprises LLC (collectively, "Defendants") to vacate default judgment [dkt. entry no. 23]. Plaintiffs Se Myung Lee ("Plaintiff" or "Mr. Lee") and Yuhi Lee (collectively, "Plaintiffs") have opposed Defendants' Motion. This matter was referred here for a Report and Recommendation. The Court has fully reviewed and considered the parties' submissions pursuant to Federal Rule of Civil Procedure 78 and, for the reasons stated below, recommends that Defendants' Motion be denied.

**I.    BACKGROUND**

On August 7, 2008, Plaintiffs filed a Complaint against Defendants in which they allege that on August 9, 2006 Mr. Lee was a passenger on the M/V Ocean Explorer, a recreational fishing vessel, which was owned and operated by Explorer Enterprises LLC. Plaintiffs allege that as Mr. Lee was exiting the deck of the M/V Ocean Explorer, he slipped and fell, which resulted in bodily injury.

Plaintiffs allege that Defendants' negligent maintenance of the deck caused it to be "excessively watered with foreign substances" and that Defendants failed to provide "any proper warning or a warning sign" as to the condition of the deck. *See* Pl.'s Comp. at ¶ 8. Plaintiffs claim

that Defendants' negligence caused Mr. Lee's injuries and that he has and will continue to suffer pain, discomfort and inconvenience.

Plaintiffs' Complaint went unanswered and, consequently, on January 14, 2009 the Clerk entered default against Defendants M/V Ocean Explorer and Explorer Enterprises LLC. On April 9, 2009, Plaintiffs filed a Motion for Default Judgment against Defendants. On May 8, 2009, the Court granted Plaintiffs' Motion for Default Judgment and directed Magistrate Judge Arpert to conduct a hearing on damages and file a Report and Recommendation for the Court's consideration. Magistrate Judge Arpert's Report and Recommendation was filed on November 10, 2009, recommending that Judgment be entered in favor of Mr. Lee and against defendants in the amount of $125,000. On December 7, 2009, the Court adopted the Report and Recommendation and entered Judgment against Defendants. On March 5, 2010, Defendants filed the instant Motion to Vacate Judgment.

Defendants maintain that the Default Judgment should be vacated because their failure to respond was due to "mistake, inadvertence, or excusable neglect." FED. R. CIV. P. 60(b)(1). Initially, Defendants claimed that there was no personal service of process on Tom Palmisano ("Mr. Palmisano"), the principal of Explorer Enterprises, LLC or any authorized agent of the business. (Bardis Cert. at ¶¶ 7-9) Subsequently, Mr. Palmisano stated that although the "Monmouth County Sheriff's Office Affidavit of Service...states that [he] was served personally", he "never acknowledged receipt of service", that he "was going through a messy divorce between 2006 and 2009 and quite a bit of [his] regular mail was missing", that "there would be no reason for [him] not to accept the complaint and report the incident to [his] insurance company" because he has "insurance coverage for such accidents". (Palmisano Cert. at ¶¶ 7-8) Mr. Palmisano does "not dispute" that "Judson Barrett, Esq., an Authorized Agent of Explorer Enterprises, LLC was served

2

on September 4, 2008" but states that he "was not receiving [his] mail due to a very messy divorce and although Mr. Barrett did send correspondence, [Mr. Palmisano] was not aware of same at the time." (Palmisano Cert. at ¶ 9)

Defendants assert that they have a meritorious defense to Plaintiffs' claims alleging that Mr. Lee was intoxicated at the time of the accident, declined medical assistance and walked away from the scene. (Palmisano Cert. at ¶¶ 3-5) Ultimately, Defendants argue that Plaintiffs will not be prejudiced if their Motion is granted. (Def.'s Br. at 4)

In opposition, Plaintiffs argue that service of process was proper as Mr. Palmisano was personally served with the Complaint on August 21, 2008 and the corporation's authorized agent, Judson Barrett, Esq., was also personally served on September 4, 2008. (Kim Cert. at ¶ 6) Defendants' receipt of Plaintiffs' pleadings and knowledge of the existence of this action is corroborated by correspondence between Mr. Palmisano and Arch Insurance Company. *Id*. at ¶ 8. There is also correspondence between the Registered Agent and the Court, and Defendants' counsel and Plaintiffs' attorney which acknowledges service. *Id*. at ¶¶ 8-12. Plaintiffs point out that despite his initial denial, Mr. Palmisano has acknowledged that he was personally served by way of a letter to Arch Insurance Company. *Id*. at ¶ 8; *see also Id*. at Ex. F. Plaintiffs argue that the entry of Default Judgment was due to the Defendants' inaction and neglect and that Defendants have not provided any valid reason for their failure to act.

In addition, Plaintiffs deny that Defendants have a meritorious defense and contend that the facts stated by Defendants' attorney are false and are not substantiated by any evidence in the record. *Id*. at ¶¶ 19-30. Finally, Plaintiffs argue that if Defendants' Motion is granted they will be "severely prejudiced" because it will hinder their "ability to execute their judgment/award." *Id*. at ¶¶ 36-37.

3

**II.    ANALYSIS**

Pursuant to FED. R. CIV. P. 60 (b)(1), after judgment has been entered, "the court may relieve a party or its legal representative from a final judgment" if the judgment may have been the result of "excusable neglect." The Court must consider the following factors when considering a motion to set aside a default judgment: "(1) whether the plaintiff will be prejudiced; (2) whether the Defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *James v. Jersey City*, 187 F.R.D. 512, 517 (D.N.J. 1999); *see also United States v. $55,518.05 in U.S. Currency*, 728 F. 2d 192, 195 (3d Cir. 1984) (holding that the threshold question was whether appellant had established a meritorious defense because, without a meritorious defense, appellant could not win at trial and there would be no point in setting aside the judgment.) The Court recognizes that a Rule 60(b) motion should only be granted in extraordinary circumstances, where its denial would result in undue hardship and burden to the defendants. *Mayberry v. Maroney* 558 F.2d 1159, 1163 (3d Cir. 1977).

Pursuant to FED. R. CIV. P. 4 (e), (1) an individual may be served personally, or (2) left with a person of suitable age at the individual's dwelling or usual place of abode, or (3) may be sent to that individual's authorized agent. Pursuant to FED. R. CIV. P. 4 (h), a corporation, partnership, or association may be served personally or through an authorized agent.

In this case, the record demonstrates and the Court is satisfied that Mr. Palmisano was personally served at Police Headquarters in Belmar, New Jersey on August 21, 2008. *See* Mr. Kim's Cert at 2. Likewise, Mr. Barrett, the Registered Agent of Defendants was served on September 4, 2008. (Pl.'s Br., Ex. C, D and F) Therefore, the Court finds that the named Defendants were properly served in accordance with FED. R. CIV. P. 4.

The Court is not persuaded that Defendants' failure to respond was due to excusable neglect. Under Rule 60(b), "excusable neglect" is characterized by negligence, not mere non-action by a party. *James v. Jersey City*, 187 F.R.D. 512, 517 (D.N.J. 1999).  The Court notes that in addition to being properly served in 2008, Defendants received notice of the damages hearing conducted on August 18, 2009 as well as copies of the Report and Recommendation filed on November 10, 2009 and the Default Judgment filed on December 7, 2009.  Nonetheless, Defendants remained uninvolved in this litigation until March 5, 2010, approximately three (3) months after the Court entered Judgment against them on December 7, 2009, when Defendants filed the instant Motion. More troubling than the pasage of time is the fact that Defendants have not offered any explanation or justification for their failure to inquire into the status of the case, obtain legal representation, or take any action to defend themselves until the instant Motion was filed.  Such behavior by the Defendants for over a year and a half after they were served does not constitute excusable neglect. Most troubling is Defendants' initial denial of the facts which unquestionably demonstrate that service was properly effected.

Furthermore, Defendants have failed to articulate any credible, meritorious defenses to Mr. Lee's claims.  Defendants allege that Mr. Lee's fall was a result of his physical condition and intoxication suggesting that Mr. Lee was contributorily negligent.  However, there is no evidence in the record to support the allegation that Mr. Lee was intoxicated.  None of the medical reports submitted during the damages hearing reflect the presence of alcohol in Mr. Lee's bloodstream following the accident. (Pl.'s Br., Ex. M)  In addition, Defendants assert that Mr. Lee refused assistance after the fall and walked away from the scene.  However, police records attached to the Certification of Mr. Kim show that the Belmar Police and an ambulance were called to the scene and that Mr. Lee was transported to Jersey Shore University Medical Center for treatment. (Pl's. Br., Ex.

L)  Under the circumstances, the Court concludes that the facts alleged by Defendants in an effort to establish a meritorious defense to Plaintiffs' claims lack credibility.  As a result, the Court cannot reasonably discern the existence of a meritorious defense on the grounds asserted by Defendants.

Finally, the Court believes that Plaintiffs will be prejudiced if the Default Judgment is set aside.  Plaintiffs have sufficiently stated " '[their] ability to pursue the claim has been hindered since the entry of the default judgment,' by loss of evidence or otherwise."  *Gross v. Stereo Equip. Sys. Inc.*, 700 F.2d 120, 123, (3d Cir.. 1993)(*citing Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982)).  Plaintiffs also contend that setting aside the Default Judgment will adversely affect them financially, since Defendants do not appear to have insurance coverage and any assets will likely be depleted by the continuation of this litigation.

### III.  CONCLUSION

For the reasons stated above, it is recommended that Defendants' Motion to Vacate Default Judgment be denied.

Local Civil Rule 72.1 (c)(2) and Federal Rule of Civil Procedure 72(b) permit objections to this Report and Recommendation to be filed within ten (10) days after service hereof.  Any party may respond to another party's objections within ten (10) days after being served with a copy thereof.  The Clerk of Court is directed to serve a copy of this Report and Recommendation on Counsel for Plaintiffs and Counsel for Defendants by **regular and certified mail**.

Respectfully submitted,

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: October 18, 2010.**